UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-62275-CIV-SINGHAL

RAFAEL ARCANGEL HERNANDEZ MENDEZ,

Petitioner,

v.

GARRETT RIPA, Field Officer Director of United States Immigration and Customs Enforcement Miami Field Office, Enforcement and Removal Operations, *et al.,*

Respondents.
_________________________________/

**ORDER**

Petitioner Rafael Arcangel Hernandez Mendez entered the United States in 2024. He filed an asylum application, which is still pending. On July 31, 2026, Petitioner was detained by Immigration and Customs Enforcement. Petitioner challenges his detention as a violation of his due process and statutory rights. The Petition for Writ of Habeas Corpus (DE [1]) is bare-bones and scant on detail. Petitioner argues that his detention violates due process because "the arrest is arbitrary and unreasonable, constitutes an interference with my access to the courts and to legal counsel, and no timely bail hearing has been held nor has a meaningful review of the arrest been conducted." (DE [1] at 6). Petitioner also alleges that his "continued detention violates the Immigration and Nationality Act and the United States Constitution." *Id.* That is the entirety of Petitioner's legal claims. The Court is unable to grant relief based on those allegations.

I. LEGAL STANDARD

District courts have authority to grant writs of habeas corpus. 28 U.S.C. § 2241(a).

Habeas corpus is fundamentally “a remedy for unlawful executive detention.” *Munaf v. Geren,* 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

II. DISCUSSION

Starting with Petitioner’s due process arguments, Petitioner acknowledges that he is being detained while his immigration proceedings continue. The “[Supreme] Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process.” *Demore v. Kim*, 538 U.S. 510, 523, 529-31 (2003). “[D]eportation proceedings ‘would be vain if those accused could not be held in custody pending the inquiry into their true character.’” *Id.* (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)). There is no constitutional right to a bond hearing during immigration proceedings. *See id.* As for the length of Petitioner’s detention, the Supreme Court has held that detention for less than six months pending removal, *Zadvydas,* 533 U.S. at 701, and pending removal proceedings, *Demore*, 538 U.S. at 529-31, is presumed reasonable, and therefore constitutional. Petitioner here has been detained for less than three weeks. Because the Supreme Court has upheld the constitutionality and lawfulness of detention without bond for up to six months, Petitioner's due process rights have not been violated.

As for his statutory argument, Petitioner just claims that his “detention violates the Immigration and Nationality Act and the United States Constitution.” Without more facts and legal support, the Court cannot determine if his detention does violate the Immigration

and Nationality Act.

III. CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner's detention does not violate his due process rights and Petitioner has not properly alleged that his detention violates his statutory rights. Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED WITHOUT PREJUDICE**.[1] The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 18th day of August 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

[1] Petitioner may file another Petition under a separate case number alleging specifically how his detention violates the Immigration and Nationality Act. Should he do so, Petitioner should indicate that his new Petition is related to this current Petition (DE [1]), so the new case is assigned to this division.